## FERRIDAY et al. *v.* PURNELL, Administratrix.

Though a joint and several note, signed by several parties, was executed exclusively for the benefit of one, neither of them can be regarded as sureties in relation to the payee (C. C. 2086, 2089); but, as between themselves, the other makers are sureties of the one for whose benefit the note was made, and where one of the former has paid the debt, he has his remedy against his co-sureties, in proportion to the share of each.  C. C. 3027.  The makers not standing in the relation of sureties to the payee, payment before suit did not forfeit the recourse of the party by whom the payment was made, against his co-sureties.

Where a joint and several note is signed by an individual, and by a commercial firm in their partnership name, they being in fact the sureties of another maker for whose benefit the note was executed, the partnership must be considered only as a single party to the note, and between themselves and their co-surety, they are liable for only one-half of its amount.

APPEAL from the District Court of Concordia, *Farrar*, J.

*Poindexter*, for the plaintiffs, cited Civ. Code, arts 2086, 2099, 2100, 2103, 2157.  *Frost*, for the appellant.  The judgment of the court was pronounced by

KING, J.  *J. C. Jones, Thos. D. Purnell*, and the firm of *Ferriday, Ringgold & Co.*, executed a joint and several note, payable to the *Mechanics' & Traders' Bank* of New Orleans.  The note was made for the benefit of *Jones*, who subsequently became insolvent.  It was paid by the plaintiffs, *Ferriday, Ringgold & Co.*, without suit, and they claim, in this action, from the succession of their co-obliger, *Purnell*, one-half of its amount.  The defences opposed

by the defendant are : 1st, that the plaintiffs paid the note voluntarily, without suit, and have no recourse against their co-obliger, who, it is contended, was a co-surety ; and 2ndly, that if the defendant be liable at all, it is only for a rateable portion of the debt, which is one-fourth, the firm of the plaintiffs being composed of three persons.    A judgment was rendered in the court below, in favor of the plaintiffs, for one-half of the amount of the note, and the defendant has appealed.

I. The obligation was *in solido,* and the bank could have exacted payment from any one of the obligers.    As regarded the bank, none of the parties to the note stood in the relation of sureties.    The present plaintiffs could have opposed to the former neither the plea of discussion nor division, and were not required to suffer suit before discharging the debt, in order to avail themselves of their remedy against the obligers.    But it is admitted that the note was made exclusively for the benefit of *Jones,* and that, as between the makers, the parties to this suit were the sureties of *Jones.*    Their obligations, then, amongst themselves, must be governed by the principles which regulate suretyship, and by those the surety who has satisfied the debt has his remedy against his co-sureties, in proportion to the share of each.    Civ. Code, arts. 2086, 2089, 3027.

II. The plaintiffs were a commercial firm, and executed the note in the partnership name ; consequently, it became a partnership liability.    The partnership stood as one party to the note, and, as between themselves and their co-surety, they were liable for only one-half of the debt.

*Judgment affirmed.*